UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

**FILED**
MAR 17 2016



| | |
|---|---|
| RICHARD LITSCHEWSKI,<br><br>Petitioner,<br><br>vs.<br><br>ROBERT DOOLEY, WARDEN; AND MARTY JACKLEY, STATE OF SOUTH DAKOTA ATTORNEY GENERAL;<br><br>Respondent. | 1:16-CV-01015-CBK<br><br>OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND ORDER DENYING CERTIFICATE OF APPEALABILITY |

Petitioner has filed a fifth petition for a writ of habeas corpus challenging his 1997 convictions for first degree rape, third degree rape, and sexual contact and his concurrent sentences totaling 27 1/2 years. One of his petitions, CIV 08-1002, was dismissed as untimely and two, CIV 08-4100 and CIV 15-1017, were dismissed as improper second or successive petitions. One petition, CIV 13-1013, challenged the 2012 re-sentencing and that matter is now final, the United States Supreme Court having denied certiorari.

As I and Judge Lawrence L. Piersol have previously ruled, petitioner cannot continue to challenge his 1997 convictions and sentences without obtaining an order from the United States Court of Appeals for the Eighth Circuit authorizing this court to consider a second or successive petition, as required by 28 U.S.C. § 2244(b). He has not presented any such order.

I have conducted a preliminary review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Now, therefore,

IT IS ORDERED:

1. The motion, Doc. 3, for leave to proceed *in forma pauperis*, is denied.
2. The petition for a writ of habeas corpus is denied.

TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:

This Court denied petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the basis that it is a second or successive petition and petitioner has not obtained authorization from the Court of Appeals to file such a petition.

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000) (emphasis supplied). Petitioner did not and has not made a substantial showing that jurists of reason would find it debatable whether this matter was correctly dismissed as a second or successive petition.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's petition for a writ of habeas corpus. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 14th day of March, 2016.

BY THE COURT:

Charles B. Kornmann
CHARLES B. KORNMANN
United States District Judge